PRICE, Judge.
This is a suit in which the plaintiff seeks to recover the sum of $500.00 deposited with defendant under the terms of a sales contract. On July 12, 1967, the plaintiff, James D. Griffin, entered into a' *370 written contract with defendant, Rodney L. Gills, in which the plaintiff agreed to purchase property situated at 1822 Venice Drive in Bossier City, Louisiana, and on which defendant was to build a home for the price of $29,400.00. In connection with the contract the plaintiff deposited the sum of $500.00 as the down payment on the property. The contract contained the following clause:
“This sale is subject to Purchaser qualifying for and obtaining one VA guaranteed'/FHA Insured first mortgage loan in the amount of $29,400.00 for a period of 30 years. Purchaser agrees to make immediate application for said VA Guaranteed'/FHA Insured first mortgage loan and to furnish the lending agency with any information and/or exhibits necessary to process said application. However, if unable to qualify for and obtain said VA Guaranteed/FHA Insured loan, this contract is null and void and the above acknowledged money will be refunded.”
Plaintiff alleged in his petition that he negotiated with defendant, a home builder, to construct a residence for him in accordance with a set of plans and specifications drawn up by the parties. Their negotia-. tions were concluded on July 12th when the written sales contract was executed and a mortgage loan broker was consulted by the parties to begin processing plaintiff’s application for a VA loan. Plaintiff contended that, at the time he entered into the contract, he was a Major in the Air Force Reserve, on active duty, and that on or about the date of July 28th he was notified that this status would be terminated and he would, as a result, no longer be allowed to continue on active duty. It is on this basis that he contended that he was denied eligibility for either a VA or FHA loan, and, therefore, under the provisions of the sales contract, the deposit held by defendant should be returned to him.
Defendant, in answer to plaintiff’s petition, alleged that he was misled by plaintiff as to his actual status with the United States Air Force and that plaintiff was in bad faith in his dealings with defendant in connection with this contract. Defendant takes the position that plaintiff knew, at the time of execution of the contract, that he was not a permanent member of the United States Air Force but only a reserve officer on temporary duty and, therefore, not eligible for a Veterans Administration guaranteed loan. He further alleged that plaintiff failed to carry out his obligations under the contract by failing to provide the mortgage broker with certain documents necessary to procurement of a VA loan, and further that he failed to apply for an FHA insured loan after learning he could not obtain the VA guaranteed loan. Defendant contended that he had incurred additional expenses in the construction of the residence over and above the original sales price by reason of making certain changes and additions, at the request of the plaintiff and his wife, totaling a cost of $494.26. In addition, defendant claimed he had suffered a loss of $441.00 because of an increase in the mortgage discount rate between the time he contracted to sell to plaintiff and the time the residence was actually sold to another party. Defendant also claimed $432.96 for increased cost in interim financing because of the delay he encountered in selling the residence. Defendant, therefore, prayed for judgment in reconvention against plaintiff for the amount of these items.
After a trial on the merits the district judge awarded plaintiff the sum of $500.00 as prayed for.
From this judgment defendant has sus-pensively appealed.
By the terms of the contract the entire agreement was contingent upon the plaintiff’s ability to qualify for either the VA guaranteed or FHA insured loan. The agreement clearly states that his deposit would be refunded and the contract would be null and void should plaintiff be unable to qualify for the proper loan.
*371 The only question to be resolved is whether the plaintiff is guilty of any actions which constitute a breach of the contract on his part. ■ The contention that plaintiff deceived the defendant about his true status in the Air Force is a question of fact to be resolved by an interpretation of the evidence and the findings of the trial judge on questions of fact should not be disturbed unless they are manifestly erroneous.
We can find no manifest error in the finding of the trial judge on this question. The conduct complained of is in the nature of an omission — the alleged failure of plaintiff to make it clear to defendant that he was not a regular Air Force officer. Plaintiff was under no duty other than to give accurate information to the loan broker regarding matters surrounding his income. Certain information concerning plaintiff’s employment was furnished by the Air Force on July 12, 1967, in which the following statement was made relative to his status with the Air Force:
“Major Griffin is on continuous active duty as a Pilot with 917th Military Airlift Group (Reserve). It is expected that he will remain on active duty for an indefinite period.”
This information was sent directly to the loan broker who should have, at that time, known that Major Griffin was only a reserve officer.
We interpret the evidence to indicate that the failure of plaintiff to qualify for either of these loans was due to circumstances beyond his control. It is unfortunate that the defendant proceeded in the construction of the residence without first ascertaining that plaintiff would qualify and be approved for the necessary mortgage loan.
There is not sufficient evidence in the record to substantiate the contention of defendant that the cost of changes in plans were to be paid by plaintiff in addition to the contract price. The defendant, who was plaintiff in reconvention, has not borne the burden of proving his demands set forth in his reconventional demand by a preponderance of the evidence, and we, therefore, are of the opinion that the judgment of the trial court should be affirmed at appellant’s cost.